1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**IN THE U.S. DISTRICT COURT FOR THE WESTERN DISTRICT OF WASHINGTON
TACOMA COURTHOUSE**

| | |
|---|---|
| **CARLOS WILLIAMS**,<br><br>                              Plaintiff,<br><br>v.<br><br> **LORI LAWSON, Assistant or Acting Superintendent of Clallam Bay Correctional Center; and JERI BOE, Superintendent of Clallam Bay Correctional Center, JOHN DOES ONE THROUGH FIVE; JOHN DOES SIX THROUGH TEN; STATE OF WASHINGTON,**<br><br>                    Defendants. | **CASE NO.**<br><br>**PLAINTIFF'S COMPLAINT FOR PERSONAL INJURIES AND DAMAGES**<br><br><br><br>**JURY DEMAND** |

## I. INTRODUCTION

This is a civil rights action involving Federal and State claims for damages alleging that the Defendants wrongfully classified the Plaintiff at Clallam Bay Correctional Center subjecting him to extreme danger and violence from other inmates and wrongfully failed to protect the Plaintiff and thereby causing him to be brutally assaulted by another inmate and suffer substantial physical injuries and damages.

**COMPLAINT FOR DAMAGES-1**

Jay H. Krulewitch
2611 NE 113th St. Suite 300
Seattle, WA 98125
(206) 233-0828
jay@krulewitchlaw.com

## II.  JURISDICTION AND VENUE

2.1     This Court has subject matter jurisdiction of Plaintiff's claims under 28 U.S.C. Section 1331 and 28 U.S.C. Section 1353(a)(4).

2.2     This Court has pendent jurisdiction over Plaintiff's State law claims and over the Defendants as to such claims.

2.3     Venue is proper in the Wester District of Washington because a substantial part of the events complained of occurred in this District.  28 U.S.C. Section 1391(b).

### III. PARTIES

3.1     Plaintiff Carlos Williams, a single person, at all times material to this cause of action, was an inmate of Clallam Bay Corrections Center ("CBCC") in Clallam, in Clallam County, Washington and incarcerated under the control and direction of the Washington Department of Corrections.

3.2     Defendant State of Washington at all times material to this cause of action, operated and managed a bone fide and lawful state agency, Department of Corrections ("DOC"), for the State of Washington.

3.3     Defendants John Does One through Five at all times material to this cause of action were acting in the course and scope of their employment as correctional officers employed by the Department of Corrections and working at CBCC, where they were employed, involved, administered, and/or supervised others charged with making classification, housing, and/or placement decisions at CBCC.

3.4     Defendants John Does Six through Ten at all times material to this cause of actions were acting in the course and scope of their employment as correctional officials employed by the Department of Corrections and involved and/or in charge of the classification,

**COMPLAINT FOR DAMAGES-2**

Jay H. Krulewitch
2611 NE 113th St. Suite 300
Seattle, WA 98125
(206) 233-0828
jay@krulewitchlaw.com

housing, and/or placement decisions, including, but not limited to those decisions made with regard to inmates at CBCC.

3.5     Defendant Lori Lawson was the Assistant or Acting Superintendent at CBCC who, at all times material to this cause of action, was acting in the course and scope of her employment.

3.6     Defendant Jeri Boe was the Superintendent at CBCC who, at all times material to this cause of action, was acting in the course and scope of her employment.

## IV. FACTUAL BACKGROUND

4.1     Plaintiff Carlos Williams is a fifty two year old n inmate with the Washington Department of Corrections ("DOC") who suffers from a mental or emotional disorder, i.e. a psychiatric disorder, and has an extensive mental health history with DOC.  Mr. Williams has been incarcerated with the Washington Department of Corrections for approximately twenty five years.  As a result, the Department of Corrections has the authority and power to control the housing, placement, and/or location of Mr Williams within the correctional sysem operated,, controlled, and managed by the Washington Department of Corrections ("DOC").

4.2     For many years, DOC had classified Mr. Williams as an inmate with substantial mental health issues with an ongoing need for mental health treatment.  In addition, Mr. Williams presented with other issues and concerns making it more appropriate for DOC to house or place Mr. Williams in a mental health unit or special unit.  For many years, Mr. Williams had been housed by DOC in various correctional institutions including the Monroe Correctional Center (Monroe, WA), Washington State Reformatory (Wall Walla, WA), where he was placed into a mental health unit ("MH" or "MHU"), a special offender unit ("SOC"), but not in general population.  For a variety of reasons, including his longstanding mental health/psychiatric history, his criminal history, the nature of his criminal convictions, and his race, Mr. Williams

**COMPLAINT FOR DAMAGES-3**

Jay H. Krulewitch
2611 NE 113th St. Suite 300
Seattle, WA 98125
(206) 233-0828
jay@krulewitchlaw.com

was placed into one of the above specific or special units described above but was not placed into

general population.  The above-named Defendants knew or should have known that it was not

safe to place Mr. Williams into a cell or unit in general population.  The above-named

Defendants knew or should have known that Mr. Williams was a vulnerable inmate and could be

subjected to physical risk of injury including assaultive behavior from other inmates, if he were

placed into a unit or cell in general population.

4.3     Sometime during the month of January 2018,  Mr. Williams was transferred to

CBCC and was housed or placed into general population.  Mr. Williams began to file grievances

to alert correctional officers and/or staff as to safety issues and/or safety concerns he had at the

time, including the risk that he might be assaulted by other inmates.  Mr. Williams expressed

these concerns to correctional officers and/or staff on multiple occasions.  As a result, the above-

named Defendants knew or should have known that Mr. Williams had serious concerns regarding

his health and safety and his risk for being assaulted by one or more other inmates at CBCC.

However, his grievances were ignored and/or not acted upon by correctional officers and/or staff

at CBCC and/or by DOC.  Instead, the above-named Defendants ignored Mr. Williams' safety

concerns.  As a result, Mr. Williams continued to be housed or placed in general population

where he was at-risk of being physically assaulted by other inmates.  The above-named

Defendants are responsible for making the determination to place Mr. Williams into general

population and are responsible for maintaining that housing placement for Mr. Williams at

CBCC.  This decision went against the longstanding housing and placement history for Mr.

Williams in which Mr. Williams was not placed into general population at prior DOC facilities

and institutions.  The above-named defendants wrongfully placed/housed Mr. Williams into

general population at CBCC instead of into a mental health unit or other specialized and/or

restrictive unit.  The above-named Defendants knew or should have known of the substantial

**COMPLAINT FOR DAMAGES-4**

Jay H. Krulewitch
2611 NE 113th St. Suite 300
Seattle, WA 98125
(206) 233-0828
jay@krulewitchlaw.com

safety risk their decision posed to Mr. Williams by placing/housing him into general population at CBCC.

4.4     On July 31, 2018, while in a general population unit at CBCC, Mr. Williams was brutally assaulted by Alex Burton, another inmate at CBCC.  In this incident, during the course of the assault, Mr. Burton braced himself on a wall or piece of furniture to jump down and/or throw himself down onto Mr. Williams, to stomp on or kick Mr. Williams in the head multiple times, which caused Mr. Williams to suffer s serious head injury, including a traumatic brain injury and other physical injuries.  Mr. Williams was taken for emergency hospital treatment and had to undergo urgent and invasive medical procedures to treat the severe injury to his head and brain.  Mr. Williams was in a medically-induced coma for an extensive period of time due to the serious head injury he suffered in this incident.

4.5     The above-named Defendants failed to take reasonable and appropriate steps to protect Mr. Williams from the brutal assault he suffered from Mr. Burton including the failure to assign Mr. Williams to a mental health unit and/or other restrictive unit, and/or the decision to place Mr. Burton, an inmate with dangerous and violent proclivities, into general population where he could inflict violence on another inmate such as Mr Williams.

4.6     As a result of the brutal assault, Mr. Williams suffered a severe head injury, a traumatic brain injury, and was in a coma for an extended period of time.  Mr. Williams, who was hospitalized during this time, did not become fully conscious from his head injury and brain injury sustained in this incident for a substantial period of time.  After Mr. Williams became conscious once again, later in 2018, he required extensive treatment and rehabilitation as a result of the brain injury he suffered in this incident.

**COMPLAINT FOR DAMAGES-5**

4.7    As a result of the above wrongful actions and/or omissions, Mr. Williams has suffered a variety of physical injuries and other damages in an amount to be proven at trial on this matter.

## V.   FIRST CAUSE OF ACTION: UNCONSTITUTIONAL VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. SECTION 1983: 8th AMENDEMENT CLAIM FOR FAILURE TO CLASSIFY

5.1    Mr. Williams alleges that Defendants Lawson, Boe, John Does One through Five, and John Does Six through Ten, violated his constitutional rights under the 8th Amendment of the United States Constitution for failure to properly classify him at CBCC.

5.2    As a result of this constitutional violation, Mr. Williams has suffered various injuries and damages in an amount to be proven in a court of law.

## VI.   SECOND CAUSE OF ACTION: UNCONSTITUTIONAL VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. SECTION 1983: 8TH AMENDMENT CLAIM FOR FAILURE TO PROTECT

6.1    Mr. Williams alleges that Defendants Lawson, Boe, John Does One through Five, and John Does Six through Ten, violated his constitutional rights under the 8th Amendment of the United States Constitution for failure to protect him from physical violence from other inmates. The above-named Defendants knew or should have known that other inmates, including, but not limited to Alex Burton, presented a danger to the physical well-being and safety of Mr. Williams. The above-named Defendants failed to take any and all appropriate and reasonable steps to protect Mr. Williams from physical violence and/or physical assaults from other inmates, including Alex Burton.

6.2    As a result of this constitutional violation, Mr. Williams has suffered various injuries and damages in an amount to be proven in a court of law.

**COMPLAINT FOR DAMAGES-6**

Jay H. Krulewitch
2611 NE 113th St. Suite 300
Seattle, WA 98125
(206) 233-0828
jay@krulewitchlaw.com

## VII.   THIRD CAUSE OF ACTION: STATE TORT CLAIM OF NEGLIGENCE

7.1     The above-described Defendants Lawson, Boe, John Does One through Five, and John Does Six through Ten, and the State of Washington owed a duty of care to Plaintiff Carlos Williams.  The above-described Defendants Lawson, Boe, John Does One through Five, and John Does Six through Ten, and the State of Washington breached that duty of care to Mr. Williams while he was at CBCC, and, as a result, were negligent including, but not limited to:

a) failing to keep Mr. Williams reasonably safe from physical harm and dangerous inmates who the Defendants knew or should have known posed a threat to Mr. Williams at CBCC; and/or

b) failing to segregate Mr. Williams and put him either in a cell in the mental health unit or other appropriate unit, away from general population, at CBCC, so that Mr. Williams would not be subject to the kinds of threats and/or physical violence which Defendants knew of should have known would be more likely to occur in general population; and/or

c) failing to classify Mr. Williams for a mental health unit or other appropriate unit and then wrongfully placing Mr. Williams into a cell, unit, or placement within general population at CBCC; and/or

d) ignoring the warnings that Mr. Williams delivered to or provided to correctional staff at CBCC regarding his fears for his physical safety and/or threats to his physical safety and/or well-being while incarcerated at CBCC..

7.2     As a result, Defendants Lawson, Boe, John Does One through Five, and John Does Six through Ten, and the State of Washington are liable to Plaintiff Carlos Williams for the tort of negligence.

7.3     As a direct and proximate result of the negligence and wrongful actions and/or omissions of  Defendants Lawson, Boe, John Does One through Five, and John Does Six through

**COMPLAINT FOR DAMAGES-7**

Ten, and the State of Washington, Plaintiff Carlos Williams has suffered severe and substantial physical injuries and other related damages as described above.

## VIII.  PRAYER

WHEREFORE, Plaintiff prays for the following relief, jointly and severally, against the above-named Defendants;

1.  Full compensatory damages, including, but not limited to any and all past pain and suffering, future pain and suffering, disfigurement, medical expenses, loss of self-esteem, loss of enjoyment of life, shame, embarrassment, humiliation, other damages to be proven at the time of trial;

2.  Punitive Damages as allowed by law under 42 U.S.C. Section 1983 against the above-named Defendants;

3. Reasonable Attorney's Fees and/or Statutory Attorney's Fees under 42 U.S.C. Sections 1983 and 1988 and where allowed under Washington Statute and/or case law;

4.  Costs;

5.  Prejudgment Interest;

6.  And for such other and further relief to be proven at the time of trial and as the court deems just and equitable.

Dated this 27th day of July, 2020.


JAY H. KRULEWITCH, ATTORNEY AT LAW


s/Jay H. Krulewitch
Jay H. Krulewitch, WSBA #17612
Attorney for Plaintiff Carlos Williams

COMPLAINT FOR DAMAGES-8