UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CARLOS WILLIAMS,<br><br>    Plaintiff,<br><br>    v.<br><br>LORI LAWSON, JERI BOE, STATE OF WASHINGTON, JOHN DOES ONE THROUGH FIVE, JOHN DOES SIX THROUGH TEN,<br><br>    Defendants. | CASE NO. C21-5536 MJP<br><br>ORDER GRANTING MOTION TO WITHDRAW AND EXTENDING CERTAIN CASE DEADLINES |

This matter comes before the Court on Plaintiff's counsel's Motion to Withdraw (Dkt. No. 11), and three motions Plaintiff files "pro se" (without counsel): (1) Plaintiff's Motion for a Continuance (Dkt. No. 13), (2) Plaintiff's "Errata" Motion which the Court construes as a motion to amend (Dkt. No. 14), and (3) Plaintiff's Motion for Telephonic Hearing (Dkt. No. 15.) Having reviewed the Motions and Defendants' Response (Dkt. No. 17), the Court GRANTS the Motion to Withdraw, DENIES all of Plaintiff's pro se Motions.

Plaintiff's counsel seeks to withdraw from representation given an irreconcilable conflict which prevents him from provide effective representation of Plaintiff as required by the Washington Rules of Professional Conduct. Plaintiff himself identifies a conflict of interest that has arisen between him and his counsel. (Dkt. No. 13-1.) Given counsel's identification of an irreconcilable difference with his client, that his client confirms, and the early stage of this case, the Court finds withdrawal appropriate. See Local Rule 83.2 (stating that the court will ordinarily allow withdrawal until sixty days before the discovery cutoff). The Parties have yet to file a joint status report and the Court has set no case deadlines (including any discovery deadline) or trial date. The Court therefore GRANTS the Motion and allows counsel to withdraw. The Court notes that neither Plaintiff nor Defendants opposes this request.

Plaintiff's counsel asks the Court to extend the initial deadlines in this case. Specifically, counsel asks for a sixty-day continuance of: (1) the Federal Rule of Civil Procedure 26(f) conference; (2) the Federal Rule of Civil Procedure 26(a)(1) initial disclosures; and (3) the Federal Rule of Civil Procedure 26(f) Joint Status Report and Discovery Plan. (See Dkt. No. 11.) Defendants do not oppose this request. The Court GRANTS the sixty-day continuance and hereby sets the following deadlines:

(1) The parties must conduct a conference in compliance with Federal Rule of Civil Procedure 26(f) by no later than January 7, 2022;

(2) The Parties must exchange initial disclosures as required by Federal Rule of Civil Procedure 26(a)(1) by no later than January 14, 2022; and

(3) The Parties must submit their Joint Status Report and Discovery Plan as required by Federal Rule of Civil Procedure 26(f) by no later than January 24, 2022.

Appearing without counsel (pro se), Plaintiff asks the Court to continue certain discovery deadlines, allow him to amend his complaint, and hold a telephonic hearing. The Court agrees with Defendants that all of these motions are premature and depend on whether Plaintiff wishes to proceed pro se (without counsel) or with counsel. The Court therefore ORDERS Plaintiff to file a submission with this Court within 10 days of entry of this Order as to whether he wants proceed with this case without counsel (pro se) or whether he is trying to find new counsel to represent him. If Plaintiff desires to proceed without counsel (pro se), the Court will grant Plaintiff leave to file an amended complaint and the Court will review it under the Prison Litigation Reform Act, 42 U.S.C. § 1997(e). If Plaintiff obtains new counsel, the Court will consider an amended complaint if counsel determines to file one. The Court separately notes that Plaintiff's request for an extension of the discovery deadlines is premature. The Court has not yet set any deadlines for discovery in this case. If Plaintiff's request for an extension referenced the deadlines for initial disclosures required by Rule 26(a)(1), Plaintiff should know that this Order extends that to January 14, 2022. And the Court finds that it would not be helpful at this point to hold a telephonic hearing as Plaintiff requests. On this basis the Court DENIES Plaintiff's Motions.

The clerk is ordered to provide copies of this order to Plaintiff and all counsel.

Dated November 19, 2021.

Marsha J. Pechman
United States Senior District Judge