UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CARLOS WILLIAMS,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>LORI LAWSON, JERI BOE, STATE OF WASHINGTON, JOHN DOES ONE THROUGH FIVE, JOHN DOES SIX THROUGH TEN,<br><br>　　　　　　Defendants. | CASE NO. C21-5536 MJP<br><br>ORDER ON PLAINTIFF'S MOTIONS |

This matter comes before the Court on Plaintiff's Motions to Amend (Dkt. Nos. 18, 29, 35, 37), Motion for Order of Transport (Dkt. No. 20), Motions for Flash Drive (Dkt. Nos. 26, 32), and Motion to Proceed Pro Se (Dkt. No. 28). Having reviewed the motions, Defendants' Response (Dkt. No. 38), and the relevant portion of the record, the Court GRANTS the Motions to Amend and Motion to Proceed Pro Se, GRANTS in part the Motions for Flash Drive, and DENIES as MOOT Plaintiff's Motion for Order of Transport.

1  First, the Court GRANTS Plaintiff's Motion to Proceed <u>Pro Se</u> and Motions to Amend. When the Court granted Plaintiff's counsel leave to withdraw, the Court asked Plaintiff to clarify whether he wanted to proceed <u>pro se</u> or find new legal counsel. (<u>See</u> Order Granting Motion to Withdraw and Extending Certain Case Deadlines at 3 (Dkt. No. 25).). Plaintiff has confirmed that he wants to proceed without counsel (<u>pro se</u>). (Dkt. No. 28.) The Court respects Plaintiff's wish and will permit him to proceed <u>pro se</u>. And as set out in the prior Order, the Court will also allow Plaintiff to file an amended complaint, which "the Court will review it under the Prison Litigation Reform Act, 42 U.S.C. § 1997(e)." (Dkt. No. 25.) While Defendants are correct that Plaintiff has not filed a proposed version of the amended complaint as required by Local Rule 15, the Court notes that this failure is not fatal to Plaintiff's request given the Court's prior order permitting amendment and the materials that Plaintiff has filed with his motions to amend. Plaintiff must file his amended complaint by within 30 days of entry of this Order.

Second, the Court finds Plaintiff's Motions for Flash Drive to contain a reasonable request for the return of discovery documents from his former counsel. As the Court understands the request, Plaintiff wants his former counsel to return certain discovery documents related to his case and to have them on a USB flash drive to access within the prison. Rule 1.16(d) of the Washington Rules of Professional Conduct states that "[u]pon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interest, such as . . . . surrendering papers and property to which the client is entitled. . . ." This rule makes clear that Plaintiff is entitled to receive any discovery materials his former counsel may have in his possession. The Court finds Plaintiff's request proper and ORDERS Plaintiff's former counsel return any discovery materials in his possession. To the extent practicable, counsel should furnish this information in a format compatible with the Monroe law library's computer system,

which the Court understands from Defendants to be a compact disc. (Dkt. No. 38 at 6.) On this basis the Court GRANTS in part Plaintiff's Motions.

Third, the Court finds Plaintiff's Motion for Transport to contain a request that is unnecessary to be granted because the Court has not set any hearings on the pending motions and finds it reasonable to resolve them without any argument from the parties. The Court therefore DENIES the Motion as MOOT because it seeks unnecessary relief. In the future, if the Court wants to hold a hearing on any motion, it will reach out to the Parties and determine the most reasonable means of holding such a hearing, whether in person, by phone, or by video conference. And consistent with Local Rule 7(b)(4), the parties may request oral argument by including the words "ORAL ARGUMENT REQUESTED" in the caption of the motion or responsive memorandum. But the parties should be aware that the Court may not grant that relief. As the Local Rules state: "Unless otherwise ordered by the court, all motions will be decided by the court without oral argument." Local Rule 7(b)(4).

Lastly, the Court notes that Defendants are correct that this matter is exempt from the initial disclosure deadlines of Federal Rule of Civil Procedure 26(a)(1) because Plaintiff is in state custody and proceeding pro se. Fed. R. Civ. P. 26(a)(1)(B)(iv). While the Court acknowledges that initial disclosures are unnecessary and the Court will review Plaintiff's amended complaint under the PLRA, the Court still requests the parties to meet and confer and submit a joint status report. The Court amends the following deadlines to provide additional time for Plaintiff to file his amended complaint and for the Court's review it under the PLRA:

(1) The parties must conduct a conference in compliance with Federal Rule of Civil Procedure 26(f) by no later than January 28, 2022; and

(2) The Parties must submit their Joint Status Report and Discovery Plan as required by Federal Rule of Civil Procedure 26(f) by no later than February 11, 2022.

The clerk is ordered to provide copies of this order to Plaintiff, Plaintiff's former counsel, and all counsel of record.

Dated December 9, 2021.

Marsha J. Pechman
United States Senior District Judge