UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CARLOS WILLIAMS,

                    Plaintiff,

        v.

LORI LAWSON, et al.,

                    Defendants.

CASE NO. C21-5536 MJP

ORDER GRANTING MOTION FOR
APPOINTMENT OF COUNSEL

This matter comes before the Court on Plaintiff's Motion for Appointment of Counsel. (Dkt. No. 45.) Having reviewed the Motion, Defendants' Opposition (Dkt. No. 50), and all supporting materials, the Court GRANTS the Motion. The Court has also considered the Parties' Amended Agreed Stipulation regarding the case deadlines (Dkt. No. 53), which the Court GRANTS as outlined in the Conclusion, below.

**BACKGROUND**

Plaintiff Carlos Williams has been incarcerated for roughly 25 years and alleges he suffers from emotional and psychiatric disorders. (Complaint ¶ 4.1 (Dkt. No. 1).) While in the

Washington Department of Corrections' custody, he alleges he has been classified as an inmate with substantial mental health issues and has been housed in various mental health units in several facilities. (Id. ¶ 4.2.) In January 2018, Williams resided at Clallam Bay Correctional Center where he was housed in the general population. (Id. ¶ 4.3.) Williams alleges he made many requests to be transferred out of the general population, citing concerns about his mental health and fear of being assaulted. (Id.) On July 31, 2018, Williams was assaulted by another inmate and suffered a traumatic brain injury and other serious physical injuries. (Id. ¶ 4.4.) Defendants "do not dispute Mr. Williams suffered an injury that is an objectively serious deprivation." (Dkt. No. 50 at 6.) Williams now brings Eighth Amendment claims under 42 U.S.C. § 1983 against two superintendents, five "Doe" defendants, and the State of Washington for failure to classify and failure to protect. Williams also asserts a state law claim of negligence against these same defendants.

Williams was initially represented by counsel, but his counsel obtained permission to withdraw after identifying an irreconcilable conflict. (Dkt. No. 25.) Williams then affirmed that he wanted to proceed pro se. (See, e.g., Dkt. No. 28.) The Court accepted his desire to proceed pro se, and granted Williams leave to file an amended complaint. (Dkt. No. 39.) Williams has since changed his mind and seeks appointment of counsel, citing the "results/finding of a Montreal Cognition Assessment [test]" and his "brain injury from an inmate." (Dkt. No. 45.)

## ANALYSIS

"[T]here is no absolute right to counsel in civil proceedings." Hedges v. Resolution Trust Corp., 32 F.3d 1360, 1363 (9th Cir. 1994) (citation omitted). And federal courts lack the authority "to make coercive appointments of counsel." Mallard v. United States District Court, 490 U.S. 296, 310 (1989). But districts courts have two sources of discretion to appoint counsel

1  in a civil proceeding. First, if the district court finds "exceptional circumstances, it may request

2  appointment of counsel for indigent civil litigants under 28 U.S.C. § 1915(e)(1). See Agyeman v.

3  Corrections Corp. of America, 390 F.3d 1101, 1103 (9th Cir. 2004). "A finding of the

4  exceptional circumstances of the plaintiff seeking assistance requires at least an evaluation of the

5  likelihood of the plaintiff's success on the merits and an evaluation of the plaintiff's ability to

6  articulate his claims 'in light of the complexity of the legal issues involved.'" Id. (quoting

7  Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986)); see also Terrell v. Brewer, 935

8  F.2d 1015, 1017 (9th Cir. 1991). Second, district courts have inherent authority to appoint

9  counsel in civil proceedings when necessary to aid the court in its judicial function. See Perez v.

10  Barr, 957 F.3d 958, 965 (9th Cir. 2020) "It has long been recognized that courts have the

11  inherent authority to appoint counsel when necessary to the exercise of their judicial function,

12  even absent express statutory authorization." Id. "'Courts have (at least in the absence of

13  legislation to the contrary) inherent power to provide themselves with appropriate instruments

14  required for the performance of their duties [and t]his power includes authority to appoint

15  persons unconnected with the court to aid judges in the performance of specific judicial duties, as

16  they may arise in the progress of a cause.'" Id. (quoting Ex Parte Peterson, 253 U.S. 300, 312

17  (1920) (citation omitted)). "This inherent judicial authority has been codified in the All Writs

18  Act, which provides that '[t]he Supreme Court and all courts established by Act of Congress may

19  issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the

20  usages and principles of law.'" Id. (quoting 28 U.S.C. § 1651(a)).

21        Invoking its inherent authority, the Court finds appointment of counsel necessary and

22  appropriate to "assist in [its] meaningful review" of the claims Williams presents. See Perez, 957

23  F.3d at 965. The parties here do not dispute that Williams was severely injured while in prison

24

1   and that the injury forms the basis of his claims. (See Dkt. No. 50 at 6.) Williams also avers that

2   he suffered a traumatic brain injury from the attack, and several medical reports appear to

3   confirm that Williams has a "Mild Neurocognitive Disorder Due to Traumatic Brain Injury."

4   (Affidavit of Carlos Williams at 1-2 (Dkt. No. 36); Dkt. No. 37 at 5, 7, 9.) Indeed, Williams

5   invokes this injury as the basis for his request for appointment of counsel. (See Dkt. No. 45.)

6   Although Williams has filed many "motions" and other papers and appears to have filed several

7   other cases pro se, the Court has concerns about Williams' ability to litigate this matter without

8   counsel. Given Williams' condition and the nature and complexity of the claims Williams

9   pursues, the Court believes that appointment of counsel will best ensure a fair and meaningful

10  review of Williams' claims and to aid the Court in exercising its duties. See Perez, 957 F.3d at

11  965. And while the Court acknowledges that Williams may have difficulty in ultimately

12  succeeding on his claims, it finds that the relative merit of his claims as it currently understands

13  them weighs in favor of appointment. Accordingly, the Court DIRECTS the District's

14  Coordinator of the Pro Bono Panel to identify an attorney(s) or law firm from the Pro Bono

15  Panel to represent Williams for all further proceedings.

16      Separately, the Court notes that it is not invoking its discretion under § 1915(e)(1) to

17  appoint counsel given that Williams has not sought or obtained in forma pauperis status and §

18  1915 does not apply.

19                                  **CONCLUSION**

20      Invoking its inherent authority, the Court finds that appointment of counsel to be

21  necessary and appropriate to provide meaningful review of Williams' claims and to aid the Court

22  in executing its judicial function. The Court therefore GRANTS the Motion and ORDERS pro

23  bono counsel to be appointed to represent Williams for all further proceedings.

24

1    All pending deadlines in this matter are STAYED until pro bono counsel is identified for

2 Williams or upon further order from the Court. On this basis, the Court GRANTS the Parties

3 Agreed Stipulation (Dkt. No. 53).

4    The clerk is ordered to provide copies of this order to Plaintiff and all counsel.

5    Dated February 11, 2022.

6

7    Marsha J. Pechman
     United States Senior District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24