UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CARLOS WILLIAMS,<br><br>                Plaintiff,<br><br>    v.<br><br>LORI LAWSON, et al.,<br><br>                Defendants. | CASE NO. C21-5536 MJP<br><br>ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL AND MOTION AGAINST WITHDRAWAL OF COUNSEL |

This matter comes before the Court on Plaintiff's Motion for Appointment of Counsel (Dkt. No. 83) and Motion Against Unopposed Motion for Leave to Withdraw as Counsel (Dkt. No. 93). Having reviewed both Motions, Defendants' responses (Dkt. Nos. 99, 117), and all supporting materials, the Court DENIES both Motions.

**BACKGROUND**

The Court previously granted Plaintiff's Court-appointed counsel's unopposed Motion to Withdraw. (Order Granting Motion to Withdraw (Dkt. No. 82).) Plaintiff did not file any opposition or response to his former counsel's motion in the two-week period between when

counsel filed the motion and the Court's Order. Two weeks after the Court approved counsel's withdrawal, Plaintiff filed his Motion for Appointment of Counsel, recognizing that the Court had allowed his counsel to withdraw. (Dkt. No. 83.) Roughly one week later, Plaintiff filed his opposition to his counsel's withdrawal. (Dkt. No. 93.) Based on a date listed on the brief, it appears that Plaintiff may have drafted his opposition on February 6, 2023, which is roughly one week before the Court ruled on the Motion to Withdraw. (Id.) And Plaintiff has alleged that during some portion of February, he was unable to file materials with the Court. (See Dkt. Nos. 87, 88, 89, 106, 111.)

## ANALYSIS

"[T]here is no absolute right to counsel in civil proceedings." Hedges v. Resolution Trust Corp., 32 F.3d 1360, 1363 (9th Cir. 1994) (citation omitted). And federal courts lack the authority "to make coercive appointments of counsel." Mallard v. United States District Court, 490 U.S. 296, 310 (1989). But districts courts have two sources of discretion to appoint counsel in a civil proceeding. First, if the district court finds "exceptional circumstances, it may request appointment of counsel for indigent civil litigants under 28 U.S.C. § 1915(e)(1). See Agyeman v. Corrections Corp. of Am., 390 F.3d 1101, 1103 (9th Cir. 2004). "A finding of the exceptional circumstances of the plaintiff seeking assistance requires at least an evaluation of the likelihood of the plaintiff's success on the merits and an evaluation of the plaintiff's ability to articulate his claims 'in light of the complexity of the legal issues involved.'" Id. (quoting Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986)); see also Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991). Second, district courts have inherent authority to appoint counsel in civil proceedings when necessary to aid the court in its judicial function. See Perez v. Barr, 957 F.3d 958, 965 (9th Cir. 2020) "It has long been recognized that courts have the inherent authority to

appoint counsel when necessary to the exercise of their judicial function, even absent express statutory authorization." Id. "'Courts have (at least in the absence of legislation to the contrary) inherent power to provide themselves with appropriate instruments required for the performance of their duties [and t]his power includes authority to appoint persons unconnected with the court to aid judges in the performance of specific judicial duties, as they may arise in the progress of a cause.'" Id. (quoting Ex Parte Peterson, 253 U.S. 300, 312 (1920) (citation omitted)). "This inherent judicial authority has been codified in the All Writs Act, which provides that '[t]he Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law.'" Id. (quoting 28 U.S.C. § 1651(a)).

The Court previously found that it was necessary and appropriate to appoint counsel to assist in a meaningful review of the claims Plaintiff presents. (Order Granting Motion for Appointment of Counsel at 3-4 (Dkt. No. 54).) Despite the appointment of highly qualified counsel, Plaintiff was unable to work cooperatively to assist in the litigation and his actions rendered the representation "unreasonably difficult." (See Mot. to Withdraw at 2 (Dkt. No. 79).) While the Court believes that counsel could provide useful assistance to Plaintiff and the Court, it does not find that appointment of different counsel to be a proper use of the Court' authority to advance this litigation. The Court has considerable doubt as to whether Plaintiff could work cooperatively with additional counsel, even assuming an attorney was willing to provide pro bono representation. The Court also notes that since withdrawal of his counsel, Plaintiff has demonstrated an ability to file motions and communicate his concerns to the Court. Based on this record, the Court DENIES the Motion for Appointment.

Separately, the Court DENIES Plaintiff's Opposition to Counsel's Withdrawal. (Dkt. No. 93.) The Court construes this as a timely objection to the Motion to Withdraw, given Plaintiff's allegations concerning his lack of access to the Courts, lack of notice of the Motion to Withdraw (see Dkt. No. 93 at 4), and the date written on the Opposition, and to address the issue on its merits. Although the Court acknowledges Plaintiff's concerns about the timing of his counsel's withdrawal, the Court finds no basis advanced in his briefing that would alter its decision that withdrawal was appropriate. None of the briefing contradicts his former counsel's assertions that the representation was no longer possible under the Rules of Professional Conduct. As such, the Court does not reconsider its Order permitting the withdrawal.

The Court separately finds that the trial date and interim deadlines should be adjusted to allow Plaintiff additional time to prepare this matter, now that he is proceeding pro se (without counsel). The Court hereby AMENDS the case schedule as follows:

| Case Event | Existing Deadline | New Deadline |
|---|---|---|
| JURY TRIAL DATE | October 10, 2023 | December 11, 2023 at 9:00 AM |
| Reports from expert witness under FRCP 26(a)(2) due | March 14, 2023 | May 15, 2023 |
| All motions related to discovery must be filed by and noted on the motion calendar on the third Friday thereafter (see CR7(d)) | April 13, 2023 | June 14, 2023 |
| Discovery completed by | May 15, 2023 | July 14, 2023 |
| All dispositive motions must be filed by and noted on the motion calendar on the fourth Friday thereafter (see CR7(d)) | June 12, 2023 | August 14, 2023 |
| All motions in limine must be filed by and noted on the | September 5, 2023 | November 6, 2023 |

ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL AND MOTION AGAINST WITHDRAWAL OF COUNSEL - 4

| | | |
|---|---|---|
| motion calendar no earlier than the third Friday thereafter and no later than the Friday before the pretrial conference | | |
| Agreed pretrial order due | September 26, 2023 | November 28, 2023 |
| Trial briefs, proposed voir dire questions, and proposed jury instructions | September 26, 2023 | November 28, 2023 |
| Pretrial conference | September 28, 2023 | December 5, 2023 at 1:30 PM |

All other requirements set forth in the Order Setting Trial Date and Related Dates shall remain in effect. (Dkt. No. 76.)

The clerk is ordered to provide copies of this order to Plaintiff and all counsel.

Dated March 31, 2023.

Marsha J. Pechman
United States Senior District Judge

ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL AND MOTION AGAINST WITHDRAWAL OF COUNSEL - 5