1
2
3
4
5
6
7
8        UNITED STATES DISTRICT COURT
         WESTERN DISTRICT OF WASHINGTON
9                    AT TACOMA

10   CARLOS WILLIAMS,                | CASE NO. C21-5536 MJP
11                  Plaintiff,       | ORDER ON PLAINITFF'S
                                     | MOTION SEEKING ORDER OF
12        v.                         | THE COURT FOR LAW
                                     | LIBRARIAN AND DEFENDANTS'
13   LORI LAWSON, et al.,            | MOTIONS TO STRIKE
14                  Defendants.
15

16       This matter comes before the Court on Plaintiff's Motion Seeking Order of the Court for

17   Law Librarian, etc. (Dkt. No. 87) and Defendants' Motions to Strike (Dkt. Nos. 112, 113).

18   Having reviewed the Motions, the Court GRANTS in part and DENIES in part Plaintiff's

19   Motion and DENIES Defendants' Motions.

20                              **BACKGROUND**

21       Plaintiff seeks an "order of the Court to demand the Defendants stop conspiring to deny

22   [him] access to the Court and E-File documents." (Dkt. No. 87 at 1.) In support, Plaintiff

23   declares that two officers, the "Spiece brothers," log legal mail and have apparently changed this

24

process. (Dkt. No. 88.) Plaintiff says that "since their change all incoming correspondence has ceased" and that "Officer Hall, my nemesis, takes the logged legal mail from the Spiece Brothers, opens them [and] fax[es] the contents to Assistant Attorney General Michelle Hanson[.]" (Id. at 2.) But Plaintiff states that he is only "speculat[ing] concerning what and who is receiving legal mail content once 'OFF' Hall opens them." (Id.) Plaintiff has filed an additional declaration dated February 22, 2023, in which he avers that he has been denied the ability to have the law librarian, Miriam Kastle, e-file matters in this action. (Dkt. No. 89.) Plaintiff states that he has been "forced to 'snail mail'" various motions that "have been ready for weeks." (Id. at 2.) In a declaration dated March 13, 2023, Plaintiff filed a "Notice of Various Obstacles Plaintiff is Facing to Litigate this Matter," in which he identifies a variety of issues, including, but not limited to, being given the wrong size clothing, denial of meals, tampering with his legal mail, denial of legal calls, and other acts he believes are indicative of attempts to murder him. (Dkt. No. 111.) And in an "Alert" dated March 14, 2023, Plaintiff avers that "Defendants have ordered the law librarian . . . Kastle to cease all contact with the Plaintiff," as part of a plot to murder him. (Dkt. No. 106.)

In response, Defendants point out that since February 28, 2023, Plaintiff has filed twenty-one separate documents with the Court, which they cite as evidence of his access to the Court. (Dkt. No. 101 at 2.) Defendants have also provided a declaration from Kastle, explaining how she assists inmates, including Plaintiff, with e-filing court documents. (Declaration of Miriam Dominique Kastle (Dkt. No. 104).) Defendants have also provided a declaration from Melvin Hopkins, one of the sergeants who manages the processing of mail arriving at Monroe Corrections Complex, where Plaintiff remains incarcerated. (Declaration of Melvin Hopkins (Dkt. No. 103).) Hopkins explains how legal mail is supposed to be handled and he disclaims

knowledge of "any corrections officers I work with or supervise treating any incarcerated individuals with disrespect." (Id. ¶ 6.) Lastly, Michelle Hansen, counsel for Defendants avers that she has "not conspired with and [is] not involved in any conspiracy with Ms. Kastle or anyone else to deny Mr. Williams access to the court in this case or any other case" or to "get away with 'Attempted murder.'" (Declaration of Michelle Hansen ¶¶ 4-5 (Dkt. No. 102).)

Defendants move to strike Plaintiff's reference to other lawsuits he has filed. (Defs. Resp. at 4 (Dkt. No. 101).) And Defendants have moved to strike Plaintiff's Notice of Obstacles (Dkt. No. 111) and his Alert (Dkt. No. 106). (Motions to Strike (Dkt. Nos. 112, 113).)

**ANALYSIS**

The Court GRANTS in part and DENIES in part Plaintiff's Motion. From what the Court can gather, Plaintiff may have been unable to file legal materials for some time before February 28, 2023. The reasons are not clear from the record. It does appear that Plaintiff sought to file an opposition to his pro bono counsel's withdrawal earlier than he was able to on February 28, 2023. To the extent that this filing was untimely, the Court will accept his opposition as timely filed and to this limit extent GRANTS Plaintiff's Motion. But for all other purposes, the Court DENIES the Motion. The Court does not find evidence that Plaintiff is currently unable to access the Courts. He has filed many motions, declarations, and briefs through the prison filing system and there is no evidence of any impediment to access the Court.

The Court DENIES Defendants' two Motions to Strike. Defendants seek to have the Court strike two documents which Plaintiff filed in furtherance of his Motion. The Court construes Plaintiff's filings as a reply and supporting declaration, and has considered them, particularly since they concern Plaintiff's complaints about his access to the Court. Defendants offer no valid reason why the Court should strike these materials or what purpose striking them

1  would serve. The Court DENIES the Motions. The Court separately notes that while the Court
2  appreciates Defendants' efforts to help clarify the docket, such assistance is unnecessary. The
3  Court remains capable of sorting through the docket without Defendants filing additional
4  motions.
5      The clerk is ordered to provide copies of this order to Plaintiff and all counsel.
6      Dated March 31, 2023.

Marsha J. Pechman
United States Senior District Judge