UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CARLOS WILLIAMS,<br><br>     Plaintiff,<br><br> v.<br><br>LORI LAWSON, et al.,<br><br>     Defendants. | CASE NO. C21-5536 MJP<br><br>ORDER DENYING MOTION FOR CLASS STATUS |

This matter comes before the Court on Plaintiff's Motion Granting Class Action Status. (Dkt. No. 96.) Having reviewed the Motion, Defendants' Opposition (Dkt. No. 131), and all supporting materials, the Court DENIES the Motion.

Plaintiff asks the Court to "grant 'class-action' status in this matter" based on Plaintiff's claim that "Clallam Bay Correctional Center has a pattern of classifying inmates with sex offenses to units where they are brutally beat[en], [and other inmates] attempt to beat them." (Dkt. No. 96.) There are two fundamental problems with Plaintiff's request.

1  First, Plaintiff has not pleaded this as a class action. There are no allegations in the

2 Amended Complaint that Plaintiff has filed this on behalf of similarly-situated individuals. (See

3 Amended Complaint (Dkt. No. 61).)

4  Second, because Plaintiff is not represented by counsel and is proceeding pro se, he may

5 not properly represent a class. Courts have generally concluded that a purported class

6 representative who proceeds pro se cannot represent the interests of the class because he will not

7 provide adequate representation for the class as required by Federal Rule of Civil Procedure

8 23(a)(4). See McShane v. United States, 366 F.2d 286, 288 (9th Cir.1966) (affirming the

9 dismissal of a class action for lack of jurisdiction because a pro se plaintiff "has no authority to

10 appear as an attorney for others than himself"). This follows from the legal principle that pro se

11 litigants can represent themselves, but themselves only. Simon v. Hartford Life, Inc., 546 F.3d

12 661, 664–64 (9th Cir. 2008) (applying the "general rule prohibiting pro se plaintiffs from

13 pursuing claims on behalf of others in a representative capacity" including class actions); Johns

14 v. Cnty. of San Diego, 114 F.3d 874, 876 (9th Cir. 1997) ("While a non-attorney may appear pro

15 se on his own behalf, he has no authority to appear as an attorney for others than himself."

16 (internal quotation marks and citations omitted)). So even if the Amended Complaint contained

17 class allegations, the Court would not find Plaintiff to be adequate class counsel to represent the

18 interests of any class because he is appearing pro se and does not present any indication that he

19 could serve as adequate class counsel.

20  The Court therefore DENIES the Motion for Class Status.

21  \\

22  \\

23  \\

24

ORDER DENYING MOTION FOR CLASS STATUS - 2

1 | The clerk is ordered to provide copies of this order to Plaintiff and all counsel.

2 | Dated April 10, 2023.

*[signature]*

Marsha J. Pechman
United States Senior District Judge