UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CARLOS WILLIAMS,<br><br>                Plaintiff,<br><br>    v.<br><br>LORI LAWSON, et al.,<br><br>                Defendants. | CASE NO. C21-5536 MJP<br><br>ORDER GRANTING MOTION TO COMPEL |

This matter comes before the Court on Plaintiff's Motion to Compel. (Dkt. No. 178.) Having reviewed the Motion, Defendants' Response (Dkt. No. 180), and all supporting materials, the Court GRANTS the Motion.

**BACKGROUND**

Plaintiff Carlos Williams, appearing pro se, seeks an order compelling Defendants to answer the following interrogatory: "Is it a fact that the inmate who 'assaulted' Mr. Williams had his prison sentence commuted by [the] Governor of the STATE OF WASHINGTON? How many months and days early was [the] inmate allowed out of prison?" (Declaration of Carlos

Williams at 3 (Dkt. No. 179).) Defendants objected the interrogatory as irrelevant, overly broad, and unduly burdensome, as well as vague, ambiguous, and "unintelligible." (Id. at 3-4.) Defendants then refused to respond, stating "[t]he information requested is equally available to Plaintiff by making a public records request." (Id. at 4.) Only counsel for Defendants certified the response.

## ANALYSIS

**A.    Legal Standard**

Under Rule 26(b)(1), the scope of discovery is broad:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). Relevance is construed broadly to include any matter that bears on, or reasonably could lead to other matter that could bear on, any issue that may be in the case. Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978) (citing Hickman v. Taylor, 329 U.S. 495, 501 (1947)) (footnote omitted). District courts have broad discretion in controlling discovery. See Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002).

Rule 33 allows the parties to serve interrogatories on "any matter that may be inquired into under Rule 26(b)" and "[a]n interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact[.]" Fed. R. Civ. P. 33(a)(2). Answers to each interrogatory must be answered fully in writing by the responding party and the grounds for objection must be stated with specificity. Fed. R. Civ. P. 33(b)(3)-(4). "The person who makes the answers must sign them, and the attorney who objects must sign any

objections." Fed. R. Civ. P. 33(b)(5). Rule 37 provides that "[a] party seeking discovery may move for an order compelling an answer, designation, production, or inspection." Fed. R. Civ. P. 37(a)(3). Such a motion must be accompanied by a certification that the movant conferred, or attempted to confer, with the non-disclosing party in an effort to resolve the dispute. Fed. R. Civ. P. 37(a)(1). The burden falls on the responding party to justify its objections or failure to provide complete answers to the interrogatories. Fed. R. Civ. P. 33(a) (Adv. Comm. Notes 1970).

**B.     Failure to Meet and Confer**

In opposing Williams' Motion, Defendants point out that the parties did not meet and confer to discuss Defendants' position, as Rule 37(a)(1) requires. Defendants ask the Court to deny the Motion on this basis. The Court declines to do so. The Court excuses the failure to meet and confer. As an incarcerated, pro se litigant, Williams has limited access to a phone and a diminished capacity to conduct a productive meet and confer. And given the position staked out by Defendants, the Court sees little likelihood that the Parties would have reached a resolution without Court intervention. In this unique instance, the Court excuses the failure to meet and confer. Going forward, the Court may not excuse the meet and confer requirement, and warns Williams that it may deny future motions for failing to conduct a meet and confer.

**C.     Defendants' Meritless Objections**

Defendants have failed to justify any of their objections to the interrogatory.

First, Defendants identify no reason to find the request unduly burdensome. Counsel's declaration contains no information as to burden, and the information sought is both limited and quite straight-forward. The Court rejects the objection.

Second, Defendants have not convinced the Court that the interrogatory is overbroad or seeks irrelevant information. The identity and relative treatment of individual who assaulted

1 Williams is discoverable, as it may tend to support Williams' retaliation and ADA claims. The
2 Court rejects these objections.

3       Lastly, the Court rejects Defendants' assertion that they need not respond to the
4 interrogatory because the information Williams requests is equally available to him. This form
5 of objection has routinely been found to be meritless. See Morgan v. Haviland, No. 2:09-CV-
6 2155 WBS KJN, 2011 WL 2433648, at *1 (E.D. Cal. June 14, 2011) (collecting cases). And,
7 more fundamentally, the objection is factually unsupported. Defendants provide no evidence that
8 Williams has equal access to the information and their argument strains credulity. Williams is an
9 incarcerated individual representing himself pro se. According to Defendants, Williams' only
10 other avenue of obtaining the information is through a public records request. Not only would
11 this entail substantial delay, but it would also require Williams to pay costs associated with the
12 production of responsive documents. Williams is entitled to obtain this information directly from
13 Defendants through discovery, as is expressly allowed under the Federal Rules of Civil
14 Procedure. And Defendants do not state that they lack access to the information required to
15 respond and counsel's declaration makes no such suggestion. Indeed, Defendants' response
16 concedes that they have access to the information, which is hardly surprising given that
17 Defendants include the Department of Corrections and the State of Washington. The Court finds
18 Defendants' objections baseless and the response inadequate.

19       Accordingly, the Court ORDERS Defendants to provide a complete and accurate
20 response to the Interrogatory within 10 days of entry of this ORDER. The Court further
21 ORDERS Defendants to comply with Fed. R. Civ. P. 33(b)(1)(A) & (B) and (b)(5), which
22 require the interrogatory responses to be signed by each individual to whom they are directed,
23
24

including an officer or agent of any governmental agency. To the extent objections are made, counsel must sign them.

The Court separately notes that as officers of the Court, the parties' cooperation is necessary to assist the Court in the administration of justice. Here, the Assistant Attorney General has, on a relative basis, easy access to the materials sought as compared to Williams, an incarcerated pro se plaintiff. Professionalism dictates that the Assistant Attorney General should have provided the information Williams sought, rather than lodge meritless objections that delays the administration of justice. The Assistant Attorney General should no longer lodge objections on the grounds that Williams has equal access to information that he would otherwise have to obtain through a public records request. If the response to a discovery request truly imposes an undue burden or asks for information to which Defendants have no access, counsel must make that representation directly and it must be based on a sworn statement. The Court expects greater cooperation from the Assistant Attorney General to avoid delays in the administration of justice.

## CONCLUSION

The Court GRANTS Williams' Motion to Compel. Defendants must provide complete answers to the Interrogatory within 10 days of entry of this Order. And it must be signed by Defendants and counsel as required by Rule 33(b)(1) & (b)(5).

The clerk is ordered to provide copies of this order to Plaintiff and all counsel.

Dated July 20, 2023.

Marsha J. Pechman
United States Senior District Judge