UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CARLOS WILLIAMS,<br><br>                    Plaintiff,<br><br>         v.<br><br>LORI LAWSON, et al.,<br><br>                    Defendants. | CASE NO. C21-5536 MJP<br><br>ORDER ON MOTION TO APPOINT COUNSEL, MOTIONS TO APPOINT EXPERTS AND MOTION TO CONDUCT PHYSICAL EXAMINATION |

This matter comes before the Court on Plaintiff Carlos Williams' Motion to Appoint a Federal Public Defender (Dkt. No. 207), Williams' Motion to Appoint a Neuropsychologist Expert (Dkt. No. 188), Williams' Motion to Appoint a Classification Expert (Dkt. No. 189), and Defendants' Motion for a Physical Examination (Dkt. No. 199). Having reviewed the Motions and Defendants' Responses (Dkt. Nos. 191, 192, 209), and all supporting materials, the Court DENIES Williams' Motion to Appoint a Federal Public Defender, GRANTS Williams' Motions to Appoint Experts, and WITHHOLDS RULING on Defendants' Motion.

# ANALYSIS

**A.      Motion to Appoint Federal Public Defender**

Williams asks the Court to order the "Office of the Federal Public Defender to appoint an attorney or law firm to represent the Plaintiff in compliance with the Court's docket # 205 order to counsel [sic] Pro Bono be appointed to find/locate [a] Classification Specialist, and Nuropychologist [sic]." (Dkt. No. 207.) While Williams is correct that the Court appointed pro bono counsel to assist with retaining experts, he has not identified any basis on which the Court could properly appoint a Federal Public Defender to represent him in this civil case. Federal Public Defenders represent defendants accused of committing federal crimes or individuals in federal post-conviction proceeding. See 18 U.S.C. § 3599.  Here, Williams is not a criminal defendant, and this lawsuit only involves civil, not criminal claims, which are not properly construed as postconviction claims (i.e., claims challenging the legality of Williams' convictions that may have led to his incarceration). The Court finds no legal basis for the requested appointment and DENIES the Motion.

Additionally, while the Court appointed pro bono counsel for the limited purpose of assisting Williams with retaining experts, and despite its diligence, the Court has been unable to locate any counsel willing to assist. (Dkt. No. 205.) The Court therefore TERMINATES the appointment Order and Williams shall proceed pro se.

**B.      Motions to Appoint Experts**

Williams, who appears in this matter pro se, asks the Court to appoint an expert in neuropsychology and an expert in prison placement classification. (Dkt. Nos. 188, 189.) The Court GRANTS both Motions.

Under Federal Rule of Evidence 706, the Court has discretionary authority to appoint a neutral expert to assist the Court in accurate fact finding. See 29 Charles Alan Wright et al., Federal Practice and Procedure § 6304 (3d ed. Supp. 2011) ("The policy goal of Rule 706 is to promote accurate factfinding."); see also Students of California Sch. for the Blind v. Honig, 736 F.2d 538, 549 (9th Cir. 1984) (approving the appointment of a neutral expert under Fed. R. Evid. 706), cert. granted, judgment vacated on other grounds, 471 U.S. 148 (1985). Four considerations have been considered relevant to assess a request for a neutral expert:

> (1) Whether expert testimony is necessary or significantly useful for the trier of fact to comprehend a material issue in a case.
>
> (2) Whether the moving party has produced some evidence, admissible or otherwise, that demonstrates a serious dispute that could be resolved or understood through expert testimony.
>
> (3) Whether certain circumstances or conditions of a party limit the effectiveness of the adversary process to result in accurate factfinding.
>
> (4) Whether the legal basis of plaintiff's claim entitles him to special consideration by the courts.

Gorton v. Todd, 793 F. Supp. 2d 1171, 1185 (E.D. Cal. 2011).

An assessment of the first two points of inquiry support appointment of both requested experts. Testimony from both a neuropsychologist and classification expert are necessary to address issues in serious dispute as to Williams' classification-based claims and the nature and extent of the injuries he suffered from the incident at issue in this case. As to the classification expert, Williams specifically pursues Eighth Amendment, First Amendment, ADA, and negligence claims that all focus on allegations that Defendants misclassified him and improperly housed him in the general population, and that as a result of that classification he was attacked and injured. Given the nature of these claims and the issues they raise surrounding classification, a neutral expert on prisoner classification would assist the Court in determining the merits of all

four claims. As to a neuropsychologist expert, the Court finds that such an expert would provide unique and important testimony surrounding the nature and extent of Williams' claim injuries from the attack. Both experts would assist the Court in producing accurate fact finding on critical issues that go to the heart of this litigation.

As to the third point of inquiry, Williams' status as a <u>pro se</u> prisoner who suffers from a severe mental illness convinces the Court that he has limited ability to adduce and produce evidence about his proper classification and the nature and extent of his injuries from the attack at issue. And as a person currently incarcerated, Williams has diminished capacity to retain and work with experts as compared with an individual living outside of prison. While Williams has not provided any indication that he lacks the financial ability to retain either kind of expert, the Court has substantial doubts as to whether this fact alone weighs against appointment.

As to the last point of inquiry, the Court considers the nature of Williams' claims that support appointment. Williams' claims put at issue what is alleged to be an assault that caused Williams both severe physical and mental injuries. Williams also alleges that he suffered these injuries on account of Defendants' failure to properly classify, house, and protect him. This further supports the appointment of both experts, who can opine on these issues.

As to compensation, Rule 706(c) specifies the expert is entitled to reasonable compensation that is to be paid by the parties "in the proportion and at the time that the court directs [and] . . . charged like other costs." Fed. R. Evid. 706(c). The Court will advance the reasonable costs associated with the retention of the experts from the Court's non-appropriated funds (<u>see</u> General Order No. 06-23 (July 17, 2023)), and will later determine how to tax the costs as between the Parties.

1    Lastly, although the Rule specifies that the Court "may order the parties to show cause
2    why an expert witness should not be appointed and may ask the parties to submit nominations,"
3    the Court finds this additional step unnecessary. Both parties have provided sufficient briefing as
4    to the need for experts and the Court finds that further briefing would be unhelpful and
5    unnecessary. But the Court REQUESTS the Parties to nominate experts to serve in the two roles.
6    Both Parties may submit nominations within 21 days of entry of this Order. The Court will then
7    undertake to select and retain the two willing experts.

8    **C.    Motion for Physical Examination of Williams**

9    Invoking Fed. R. Civ. P. 35, Defendants move for an order authorizing them to conduct a
10   physical examination of Williams to "determine the extent of injury and disability, if any,
11   resulting to [Williams] as alleged in his complaint on file herein." (Mot. for Exam. at 2 (Dkt. No.
12   199).) Williams has not opposed the motion. Defendants claim that they need to conduct such an
13   evaluation because they are "without medical evidence to evaluate [Williams'] claimed injuries
14   and such an examination is essential to a proper trial of the issues in this case." (Id.) They
15   propose "Dr. Laura Dahmer-White" to conduct the examination, though they provide no details
16   about Dr. Dahmer-White's qualifications, the nature of her doctorate, or her area of practice.

17   Under Rule 35, the Court may order the physical and/or mental condition of a party
18   "whose mental or physical condition . . . is in controversy." Fed. R. Civ. P. 35(a)(1). The
19   examination must be conducted by a "suitably licensed or certified examiner." Id. The
20   examination may be granted "only on motion for good cause and on notice to all parties and the
21   person to be examined" and if the order "specif[ies] the time, place, manner, conditions, and
22   scope of the examination, as well as the person or persons who will perform it." Fed. R. Civ. P.
23   35(a)(2). The examiner's report must "set out in detail the examiner's findings, including
24

diagnoses, conclusions, and the results of any tests." Fed. R. Civ. P. 35(b)(2). Unlike reports for testifying experts under Rule 26(a)(2), which must be served on the opposing party at the time of the expert disclosure, Rule 35 reports are not required to be produced by the moving party unless requested by the opposing party or the person examined. Fed. R. Civ. P. 35(b)(1).

The Court finds good cause to order a physical examination of Williams. Williams' claims concern an attack that he alleges left him with severe physical injuries. (See Am. Compl. ¶¶ 83-87.) He alleges that Defendants' acts or omissions left him with "physical injuries and pain, and mental pain and suffering." (Id. ¶ 104; see id. ¶¶ 116, 120.) And among other things, Williams seeks "[f]ull compensatory damages to be determined by jury, including, but not limited to any and all past pain and suffering, future pain and suffering, disfigurement, medical expenses, loss of self-esteem, loss of enjoyment of life, shame, embarrassment, humiliation, other damages." (Id., Prayer for Relief ¶ 1.) Given these allegations, the Court finds that Williams has put his physical condition at issue and Defendants should be permitted an examination. And while Williams' claims also put at issue mental injuries he allegedly suffered from the attack, Defendants have not requested a mental or neurological examination—speaking only to Williams' physical condition. As such, the Court limits its finding to a physical examination.

Although the Court finds good cause to order the physical examination, it WITHHOLDS RULING until Defendants provide more information about the examination. Specifically, the Court requires more information about the nature and scope of the proposed physical examination and the person conducting it. First, Defendants must specify the manner, conditions, and scope of the physical examination. Defendants' Motion only states that they seek a "physical examination . . . to determine the extent of injury and disability, if any, resulting to [Williams] as

alleged in his complaint[.]" (Mot. at 2.) But Rule 35(a) requires the Court's order to specify the scope, manner, or conditions of the examination. Defendants must therefore provide this information in order for the Court to be able to fashion an appropriate order. Second, Defendants fail to provide any evidence as to whether Dr. Dahmer-White is a "suitably licensed or certified examiner" to conduct the physical examination. The Court has no information about whether Dr. Dahmer-White is a medical doctor or some other kind of doctor or that she is a proper person to conduct the physical examination Defendants propose. More information about Dr. Dahmer-White in conformity with Rule 35(a) is required.

Defendants are hereby ORDERED to provide the additional information outlined in this Order. Defendants must provide this information with 14 days of the entry of this Order. Williams shall not be permitted any opportunity to respond to Defendants' submission unless the Court otherwise so orders.

**CONCLUSION**

The Court DENIES Williams' Motion to Appoint a Federal Public Defender given that the Court has no apparent authority to compel such an appointment. Although the Court appointed pro bono counsel for the limited purpose of assisting Williams with retaining experts, the Court TERMINATES the appointment Order given the Court's inability to locate counsel. Williams shall proceed pro se.

The Court GRANTS Williams' Motions to Appoint a classification and neuropsychologist expert. Both experts are necessary to assist the Court in making accurate factual determinations on hotly-contested issues that concern the merits of Williams' claims. And given the limits of Williams' ability to retain such experts by himself, the Court finds

appointment here proper. The Court REQUESTS the Parties to submit a list of proposed experts within 21 days of entry of this Order.

The Court WITHHOLDS RULING on Defendants' Motion for a Physical Examination, though it finds good cause for such an examination. The Court ORDERS Defendants to provide the further information the Court outlines in this Order about the physical examination and the examiner within 14 days of entry of this Order.

The clerk is ordered to provide copies of this order to Plaintiff and all counsel.

Dated December 11, 2023.

Marsha J. Pechman
United States Senior District Judge