UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CARLOS WILLIAMS,<br><br>              Plaintiff,<br><br>   v.<br><br>LORI LAWSON, et al.,<br><br>              Defendants. | CASE NO. C21-5536 MJP<br><br>ORDER DENYING MOTION FOR SANCTIONS |

This matter comes before the Court on Plaintiff's Motion for Discovery Sanctions. (Dkt No. 221.) Having reviewed the Motion, Defendants' Response (Dkt. No. 223), the Replies (Dkt. No. 225, 227), and all supporting materials, the Court DENIES the Motion.

Plaintiff Carlos Williams seeks an order of sanctions against Defendants with regard to their supplemental responses to several of his Requests for Admissions (RFAs). The Court previously issued an order compelling further answers (Dkt. No. 212), and Williams believes that

certain of Defendants' supplemental responses are inadequate and therefore sanctions should issue. The Court reviews the issues raised in Williams' Motion in the context of each RFA.

<u>RFA No. 3</u>. Williams notes that Defendants' response to RFA No. 3 "binds the defendant[s]." (Mot. at 2.) The Court notes that there is no action to be taken and no relief to be granted.

<u>RFA No. 4</u>. Defendants have now provided a lengthy response to this RFA, which seeks an answer as to whether "Plaintiff was brutally assaulted at CBCC." Defendants deny that Williams was brutally assaulted, but admit that Williams' assailant was given a "serious infraction for aggravated assault." (Dkt. No. 221-1 at 44.) As the Court interprets and construes this latter part of Defendants' response, they have admitted that Williams was assaulted. The Court finds that no further action is necessary on this RFA, given that Defendants have provided a full response. Williams may disagree with the response, but that alone is not grounds to order a different response or sanctions. It is up Williams to convince the fact finder that Defendants' responses are ultimately not credible or false. Sanctions are not properly issued, given that Defendants have provided a complete response.

<u>RFA No. 6</u>. Defendants have now provided a more complete response to this RFA that asks Defendants to admit or deny that "inmate Wallace was brutally assaulted at CBCC." Defendants deny Wallace was brutally assaulted, but admit that "an inmate started assaulting Mr. Wallace . . ." (Dkt. No. 221-1 at 45.) Williams points to a declaration from Wallace himself that appears to cast doubts on Defendants' response. (<u>See</u> Dkt. No. 16.) But now that Defendants have provided a binding response, it is up to Williams to convince the fact finder that Defendants' response is not credible or false. Sanctions are not properly issued, given that Defendants have provided a complete response.

<u>RFA. Nos. 7 & 9</u>. Williams acknowledges that Defendants have now denied RFA No. 7 and admitted to RFA No. 9, but argues that their responses are false. Now that Defendants have provided binding responses, it is up to Williams to convince the fact finder that Defendants' responses are not credible or false. Sanctions are not properly issued, given that Defendants have provided complete responses.

<u>RFA No. 8</u>. Williams' RFA No. 8 seeks an admission or denial that his "assailant was not charged with any crime resulting from the brutal assault." (Dkt. No. 221-1 at 45.) Defendants have now provided an admission that the Clallam County Sherriff filed a referral for prosecution of Williams' assailant for Assault-2, but that the Prosecutor's Officer declined to prosecute for the reasons set forth in a separate document Defendants identify. (<u>Id.</u>) Defendants' response is not necessarily a model of clarity, but as the Court interprets and construes it, they have admitted that Williams' assailant was not charged with any crime. The Court finds that no sanctions should issue, given that Defendants' have admitted that Williams' assailant was not charged with any crime.

<u>RFA No. 16</u>. Williams has served Defendants a revised version of RFA No. 16, and Defendants response has not yet been presented to the Court. Thus, any motion to compel or motion for sanctions as to RFA No. 16 is premature.

<u>RFA Nos. 17 & 18</u>. Williams takes issue with Defendants' denial of RFA No. 17 and admission of RFA No. 18, but merely points to his disagreement with whether they are defensible positions or not. Now that Defendants have provided binding responses, it is up to Williams to convince the fact finder that Defendants' responses are not credible or false. Sanctions are not properly issued, given that Defendants have provided complete responses.

1    RFA No. 22. Williams disagrees with the merits of Defendants' response to RFA No. 22,
2    but has not identified any failure to provide a complete response. Now that Defendants have
3    provided a binding response, it is up to Williams to convince the fact finder that Defendants'
4    response is not credible or false. Sanctions are not properly issued, given that Defendants have
5    provided a complete response.

6    RFA No. 32: Williams disagrees with the merits of Defendants' denial of RFA No. 32,
7    but has not identified any failure to provide a complete response. Now that Defendants have
8    provided a binding response, it is up to Williams to convince the fact finder that Defendants'
9    response is not credible or false. Sanctions are not properly issued, given that Defendants have
10   provided a complete response.

11   RFA No. 33. Williams takes issue with Defendants' denial of RFA No. 33, which seeks
12   an admission or denial that the "assailant of Plaintiff[,] Alex Burton[,] stomped on Plaintiff's
13   head." (Dkt. No. 221-1 at 51.) Defendants' Response brief indicates that Defendants now admit
14   that Burton stomped on Williams' head. (Dkt. No. 223 at 9.) As Defendants concede, they should
15   have made this admission earlier had they engaged in a more thorough review of the evidence.
16   Although that may be grounds for sanctions, the Court finds that the failure to investigate was
17   not done for an improper purpose and declines to impose sanctions. The admission now binds
18   Defendants.

19   RFA No. 34. In response to RFA No. 34, Defendants now deny that Burton jumped up
20   and down on Williams' head. Williams believes that the video evidence contradicts Defendants'
21   denial. But now that Defendants have provided a binding response, it is up to Williams to
22   convince the fact finder that Defendants' response is not credible or false. Sanctions are not
23   properly issued, given that Defendants have provided a complete response.

24

ORDER DENYING MOTION FOR SANCTIONS - 4

<u>RFA No. 35</u>. In response to RFA No. 35, Defendants now admit that Williams "was in rehab to learn to walk again." (Dkt. No. 221-1 at 52.) The Court finds no basis to award sanctions now that Defendants have provided a binding response.

<u>RFA Nos. 36, 38, & 39</u>. Defendants now deny RFA Nos. 36, 38 & 39, and Williams believes these responses are false. But now that Defendants have provided binding responses, it is up to Williams to convince the fact finder that Defendants' responses are not credible or false. Sanctions are not properly issued, given that Defendants have provided complete responses.

\* \* \*

The Court finds that Defendants' amended responses to the RFAs outlined in Williams' Motion do not warrant sanctions. As the Court has explained, Defendants have now committed to positions on these RFAs and it is up to Williams to demonstrate to the finder of fact that they are incomplete, inaccurate, or false. But because Defendants have provided what appear to be complete responses, sanctions are not properly awarded. The Court therefore DENIES the Motion.

In reviewing Defendants' responses and amended responses to the RFAs, the Court wishes to remind Defendants that Williams—as an incarcerated person—does not have equal access to much of the information cited to in their responses, and that he is entitled to understand Defendants' positions on key questions presented in this case. The Court notes that Defendants continue to offer obtuse responses to many of the RFAs, rather than simply admitting or denying some rather straightforward and relevant questions. Failing to provide honest and direct answers wastes judicial and party resources that should be spent getting to the merits of this case. To this end, the Court warns both Parties that if a party fails to admit to an RFA that the requesting party later proves to be true (as Williams contends is the case for several of Defendants' RFA

answers), the "requesting party may move that the party who failed to admit pay the reasonable expenses, including attorney's fees, incurred in making that proof." Fed. R. Civ. P. 37(c)(2). Though there are exceptions, the Court "must so order" expenses to be paid. <u>Id.</u>

    The clerk is ordered to provide copies of this order to all Plaintiff and counsel.

    Dated April 2, 2024.

                                                    Marsha J. Pechman
                                                   United States Senior District Judge