UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CARLOS WILLIAMS,

Plaintiff,

v.

LORI LAWSON, et al.,

Defendants.

CASE NO. C21-5536 MJP

ORDER DENYING MOTIONS TO AMEND

This matter comes before the Court on Plaintiffs' two Motions to Amend. (Dkt. No. 226, 231.) Having reviewed the Motions, Defendants' Responses (Dkt. Nos. 233, 236), and all supporting materials, the Court DENIES both Motions.

**BACKGROUND**

Plaintiff Carlos Williams' first Motion to Amend states that he seeks to "cure the John does [sic]" by naming "Headquarters Multi-Disciplinary Team [unaware who they are] complaint outlines John Does 2, John Does 3, John Does 3." (Mot. at 1-2 (Dkt. No. 226).) Williams says that "[o]nly recently Defendant" identified this team as having been involved in

the decision to classify him at Clallam Bay. The Court notes that Williams' Amended Complaint—the operative complaint—identifies the four John Doe defendants as follows:

> John Does One through Four at all times material to this cause of action were acting in the course and scope of their employment as employees of the DOC and working at and/or with CBCC and/or SCCC, and involved in, administered, and/or supervised others charged with making classification, housing, and/or placement decisions by whatever title within the DOC system, including but not limited to, captain(s), Administrative Lieutenant, caseworker(s), Chief of Classification/designee, health services/mental health provider, intelligence and investigations employee, and other employee/contract staff involved in supervision/treatment and/or members of a Headquarters Classification Unit.

(Amended Complaint ¶ 14 (Dkt. No. 61).) Williams has not provided a proposed amended complaint, as is required by Local Civil Rule 15.

Williams' second Motion to Amend seeks to add eleven "new unnamed" individuals as defendants. (Dkt. No. 231 at 1-2.) Williams has not identified how these individuals were involved in the events at issue in the amended complaint, and he has not provided a proposed amended complaint as required by Local Civil Rule 15. Williams instead points to Defendants' responses to a set of interrogatories that identified these individuals. (Dkt. No. 231-1.) But as Defendants note, these individuals were identified in their Defendants' disclosures, served on July 21, 2022. (Dkt. No. 237-1.)

**ANALYSIS**

The Court find insufficient grounds to allow either of the proposed amendments.

Although the Court is sympathetic to Williams' desire to name the four John Doe defendants, his first Motion to Amend does not actually identify any individuals to substitute. As Williams concedes, he is unaware of who these individuals are. As such, the Court finds no grounds to allow supplementation of the Doe defendants with yet unnamed and unknown individuals. The Court therefore DENIES the Motion. The denial is without prejudice to a renewed motion that identifies the specific individuals to substitute in as the Doe defendants.

Any such motion must also include a proposed amended complaint that indicates how it alters the existing amended complaint. See Local Civil Rule 15.

The Court finds no grounds to allow Williams' second Motion to Amend. Williams has not identified why these individuals should be included as parties and what claims he has against them. Nor has he provided a proposed amended complaint that includes any details about the individuals and why they should be named parties. While leave to amend should be liberally granted under Rule 15(a)(2), the Court finds Williams has failed to provide any reason why the Court should allow amendment. The Court therefore DENIES the Motion. The denial is without prejudice. Should Williams wish to add new claims against these individuals he must provide a proposed amended complaint outlining the parties and claims and his renewed motion must provide argument as to why the Court should allow the amendment.

Defendants have argued that the motions to amend should be denied because Williams "has no good faith excuse for not having filed his motion[s] earlier in the litigation." (Dkt. No. 233 at 1; see Dkt. No. 236 at 1.) The Court agrees with Defendants that Plaintiff filed the motions to amend late in the life of this case. But the Court has never issued a scheduling order setting a deadline for the filing of amended pleadings. As such, Williams is not required to comply with Rule 16(b)(4)'s requirements to permit an amendment to a scheduling order. Should Williams renew either motion, he will not be required to make a good cause showing. But Defendants will be free to argue that the amendment is prejudicial, or any other grounds that might justify their opposition.

## CONCLUSION

The Court finds no grounds to allow the proposed party substitution or amendment to name new defendants. The Court DENIES the Motions without prejudice.

The clerk is ordered to provide copies of this order to Plaintiff and all counsel.

Dated April 2, 2024.

Marsha J. Pechman
United States Senior District Judge