1

2

3

4

5

6

7

8

9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

10   CARLOS WILLIAMS,

11                          Plaintiff,

12            v.

13   LORI LAWSON, et al.,

14                          Defendants.

CASE NO. C21-5536 MJP

ORDER DENYING PLAINTIFF'S
MOTION TO COMPEL

15

16      This matter comes before the Court on Plaintiff Carlos Williams' Motion to Compel.

17   (Dkt. No. 244.) Having reviewed the Motion, Defendants' Opposition (Dkt. No. 248), the Reply

18   (Dkt. No. 250), and all supporting materials, the Court DENIES the Motion.

19                                  **ANALYSIS**

20   **A.      Legal Standard**

21      "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any

22   party's claim or defense and proportional to the needs of the case, considering the importance of

23   the issues at stake in the action, the amount in controversy, the parties' relative access to relevant

24

1  information, the parties' resources, the importance of the discovery in resolving the issues, and

2  whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R.

3  Civ. P. 26(b)(1).  If requested discovery is not answered, the requesting party may move for an

4  order compelling such discovery. Fed. R. Civ. P. 37(a)(1). The party that resists discovery has

5  the burden to show why the discovery request should be denied. <u>Blankenship v. Hearst Corp.</u>,

6  519 F.2d 418, 429 (9th Cir. 1975).

7         "A party may serve on any other party a written request to admit, for purposes of the

8  pending action only, the truth of any matters within the scope of Rule 26(b)(1) relating to . . .

9  facts, the application of law to fact, or opinions about either. . . ." Fed. R. Civ. P. 36(a). The rule

10  goes on to state:

11         If a matter is not admitted, the answer must specifically deny it or state in detail why the
           answering party cannot truthfully admit or deny it. A denial must fairly respond to the
12         substance of the matter; and when good faith requires that a party qualify an answer or
           deny only a part of a matter, the answer must specify the part admitted and qualify or
13         deny the rest. The answering party may assert lack of knowledge or information as a
           reason for failing to admit or deny only if the party states that it has made reasonable
14         inquiry and that the information it knows or can readily obtain is insufficient to enable it
           to admit or deny.

15
    Fed. R. Civ. P. 36(a)(4). The party issuing the request for admission may challenge the
16
    sufficiency of an answer or objection. Fed. R. Civ. P. 36(a)(6). "Unless the court finds an
17
    objection justified, it must order that an answer be served." <u>Id.</u> And on finding that an answer
18
    does not comply with Rule 36, the Court may order either that the matter is admitted or that an
19
    amended answer must be served. Fed. R. Civ. P. 36(a)(6).
20
    **B.      Timely Responses**
21
           Williams asserts that Defendants did not provide timely responses to the RFAs. Williams
22
    mailed the RFAs on February 6, 2024 and Defendants served responses on March 11, 2024. The
23
    Court finds the responses were timely served. Federal Rule of Civil Procedure 6(a)(1)(d)
24

1  provides that "3 days are added after the period would otherwise expire" if service is made by

2  mail. Applying this rule, Defendants' responses were due on March 10, 2024, which is 33 days

3  from February 6, 2024. And because March 11th was a Sunday, the response was timely filed on

4  the Monday, March 12th, because "the period continues to run until the end of the next day that

5  is not a Saturday, Sunday, or legal holiday." See Fed. R. Civ. P. 6(a)(1)(C). The Court finds the

6  responses were timely served.

7  **C.      Request No. 1**

8      Williams' RFA No. 1 asks Defendants to: "Admit or deny that on the day of the assault

9  July 30, 2018 Plaintiff received notification that records from Public Records Act case # 50167

10  were located Attachment A." (Dkt. No. 244-1 at 2.) Defendants have admitted this RFA and the

11  Court finds no apparent flaw in this response. (See Declaration of Michelle Hansen Attach. B

12  (Dkt. No. 249-2).) The Court DENIES the Motion as to this RFA.

13  **D.      Request No. 2**

14      Williams' RFA No. 2 asks Defendants to "Admit or deny that under the rules of Public

15  Records Act Plaintiff was eligible for up to $100.00 (one-hundred dollars) per diem from

16  November 14, 2017. Attachment B." (Dkt. No. 244-1 at 2.) Defendants have responded as

17  follows: "Objection. This Request for Admission calls for a legal conclusion to which

18  Defendants are not required to respond. Subject to this objection: Deny." (Dkt. No. 249-2.)

19  Although Williams argues in his reply that Defendants "must answer this admission," the Court

20  finds that it has provided an answer in the form of a denial. (See Reply at 1.) While the denial

21  includes an objection, the Court finds that Defendants have unambiguously denied this RFA. The

22  Court DENIES the Motion as to this RFA.

23

24

1    **E.      RFA No. 3**

2           Through RFA No. 3, Williams asks Defendants to: "Admit or deny it is a coincidence

3    same day records 'found'/located Plaintiff was stomped and kicked in head, leading to coma

4    from July – September 2018." (Dkt. No. 244-1 at 2.) Defendants have provided the following

5    response:

6           Objection. This Request for Admission is vague and ambiguous to the extent it asks
            Defendant to admit or deny whether the two events Plaintiff describes, "same day records
7           'found'/'located' and 'Plaintiff was stomped and kicked in head' are a coincidence.
            Subject to the objection, Defendants admit that the timing of two events are a coincidence
8           and deny all remaining parts of the request, and particularly deny that Plaintiff's
            altercation with incarcerant Alex Burton led to Plaintiff being in a coma from July to
9           September 2018.

10   (Dkt. No. 249-2.) Williams takes issue with this response's assertion that the RFA is "unclear."

11   (Reply at 1.) But the Court finds no flaw in Defendants' response. Defendants have admitted the

12   coincidence and denied the assertion that the assault on Plaintiff led to him being in a coma from

13   July through September. Williams can contest the admission and denial at trial, but the Court

14   finds no basis to compel a further response.

15   **F.      RFA No. 4**

16          Through RFA No. 4, Williams asks Defendants to: "Admit or Deny Plaintiff was almost

17   murdered, same day records 'found.'" (Dkt. No. 244-1.) Defendants deny this assertion and they

18   identify the basis for their denial in the response. (See Resp. at 4; Dkt. No. 249-2.) While

19   Williams takes issue with the substance of Defendants' denial, the Court finds no reason why the

20   denial is improper. Given that this denial binds Defendants, Williams is free to argue that the

21   denial is factually untrue. But the proper way to present this dispute is to the finder of fact. The

22   Court DENIES the Motion as to this RFA.

23

24

ORDER DENYING PLAINTIFF'S MOTION TO COMPEL - 4

**G.     RFA No. 5**

Through RFA No. 5, Williams asks Defendants to: "Admit or Deny it appears hearing Judge Okrent denied Plaintiffs' Public Records Act civil suit after denying Plaintiff's request stating L'Anthony never existed in DOC. Attachment C, D." (Dkt. No. 244-1 at 3.) Defendants served the following response:

> Objection. Relevance. The case referenced in the Request for Admission is unrelated to this instant lawsuit. Subject to this objection, Defendants admit this request to the extent Snohomish County Superior Court Judge Okrent's order in Cause No. 19-2-0917-31, dated March 11, 2020, dismissed Plaintiff's lawsuit on the grounds stated as follows, "Defendant's Show Cause Motion seeking Dismissal of Plaintiff's Claims is GRANTED. Specifically, this Court finds that the Department exercised due diligence to search for and provide records responsive to Mr. Williams' request."

(Dkt. No. 249-2.)  Through his Motion, Williams has clarified that he only seeks confirmation that Judge Okrent ruled "that nobody by the name of L'Anthony Williams" was in DOC's custody. (Mot. at 2-3.) In response, Defendants have amended their answer to admit to this narrowing of RFA No. 5. The Court therefore DENIES the Motion as to this RFA, finding the amended response to the narrowed RFA complies with Rule 36.

**H.     RFA No. 6**

Through RFA No. 6, Williams asks Defendants to: "Admit or deny the Plaintiff is owed monies under the rules of the Public Records Act concerning the above admissions." (Dkt. No. 244-1 at 3.) Defendants have served the following response:

> Objections. This Request for Admission appears to seek a legal conclusion and/or asks Defendants to speculate about Plaintiff's legal rights to which Defendants are not required to respond. Subject to these objections, Defendants deny this Request for Admission.

(Dkt. No. 249-2.) While Williams takes issue with the substance of Defendants' denial, the Court finds no grounds to order a further response. Defendants are within their rights to deny the RFA

1  to the extent it calls for a legal conclusion, and Plaintiff is free to argue to the fact finder that the

2  denial is otherwise false. The Court therefore DENIES the Motion as to this RFA.

3                                         *        *        *

4          To summarize, the Court finds that Defendants timely filed their responses to the RFAs

5  and that their response do not require supplementation. The Court therefore DENIES the Motion.

6          The clerk is ordered to provide copies of this order to Plaintiff and all counsel.

7          Dated May 8, 2024.

8

9                                                          Marsha J. Pechman
                                                           United States Senior District Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

ORDER DENYING PLAINTIFF'S MOTION TO COMPEL - 6