UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CARLOS WILLIAMS,<br><br>               Plaintiff,<br><br>    v.<br><br>LORI LAWSON, et al.,<br><br>               Defendants. | CASE NO. C21-5536 MJP<br><br>ORDER DENYING MOTION TO COMPEL 3 USB STICKS |

This matter comes before the Court on Plaintiff Carlos Williams' Motion to Compel 3 USB Sticks. (Dkt. No. 260.) Having reviewed the Motion, Defendants' Opposition (Dkt. No. 271), and all supporting materials, the Court DENIES the Motion.

Williams asks the Court to compel Defendants to transmit to him a copy of the materials Defendants filed with the Court in physical form. (See Notice of Filing Physical Materials (Dkt. No. 252).) These materials were filed in response to the Court's request for materials to provide to its appointed experts. (See Order Regarding Court's Neutral Experts (Dkt. No. 234).) The Order required Defendants to submit to the Court:

ORDER DENYING MOTION TO COMPEL 3 USB STICKS - 1

> (1) the recording of Defendants' neuropsychological evaluation of Plaintiff Carlos Williams; (2) the raw data of Defendants' neuropsychologist's examination of Williams; (3) all records concerning Williams' medical history, including mental health history within the Parties' custody and control, including any such records obtained from any third parties; (4) all records concerning Williams' classification and housing assignments within the Department of Corrections from 1993 to the present; (5) all mental health assessments of Williams conducted by or for the Department of Corrections (DOC) from 1993 to the present; (6) all documents concerning DOC's decision to transfer Williams from Stafford Creek Correction Center – Intensive Management Unit to the Clallam Bay Correctional Complex in 2018, including, but not limited to any documents, recording, or notes concerning the February 9, 2018 custody and classification hearing; and (7) all policies applicable to the placement and classification of Williams from 2018 to the present.

(Order at 1-2 (Dkt. No. 234).)

Defendants aver that they have produced to Williams all of the materials they submitted to the Court in response to its Requests Nos. 3-7. (Declaration of Michelle Hansen ¶ 6 (Dkt. No. 269).) But Defendants do not wish to produce to Williams the raw data of their neuropsychologist's examination of Williams on the theory that it would taint future neuropsychological examinations, including the examination to be administered by the Court's appointed expert. (Opp. at 3-4.) The Court notes that although Defendants' Notice claims to have submitted a recording of their expert's neuropsychological evaluation of Williams, no such recording was made or filed with the Court, notwithstanding the Court's clear order to do so. (See Notice (Dkt. No. 252); Further Order on Defendants' Motion for a Physical Examination of Plaintiff at 3 (Dkt. No. 216) ("Dahmer-White will record the diagnostic interview by audio-video recording means and make the recording available to the Court-appointed neuropsychological expert, along with the "raw data" of her examination.").) Given defense counsel's representation that all materials submitted to the Court in response to Requests Nos. 3-7 have also been given to Williams, the only remaining issue is whether Defendants should be compelled to produce their neuropsychologist's notes to Williams.

ORDER DENYING MOTION TO COMPEL 3 USB STICKS - 2

On the current record, the Court finds that the neuropsychologist's notes are not properly produced to Williams. The Court requested these notes to assist the court-appointed neuropsychologist to prepare for her evaluation of Williams, not as a means of Williams to obtain discovery. Indeed, the Court is unaware of any discovery requests Williams has served that might require the notes to be produced. As such, the Court does not understand the notes to be proportional to the needs of the case—indeed, the Court itself does not have access to the notes (they are on the physical USB sticks, but the Court has not been given the password to unlock them). While the Court is skeptical that Williams might use the notes to game future evaluations, it understands that this is a possible risk. (See Declaration of Laura Dahmer-White ¶ 6 (Dkt. No. 270).) Separately, the Court notes that there is no risk Williams might use the notes to game the evaluation administered by the court-appointed neuropsychologist—that evaluation has already been completed. Additionally, Defendants' expert has prepared a written report containing all of her opinions, making the notes seemingly less relevant or necessary for Williams to review. That said, the Court's neuropsychology expert has obtained a copy of the notes, and she may opine on their relevance in her written report. Unless and until the Court's expert finds the notes to be relevant, the Court DENIES the request for Plaintiff to obtain copies of the neuropsychologist's notes. Should the Court's expert find the notes to be relevant, the Court will separately issue an order requiring transmission of the notes to Williams. At this time and on this record, the Court will issue no such order.

The Court DENIES the Motion as MOOT as to Requests Nos. 3-7, and DENIES without prejudice the Motion as to Request No. 2.

\\

\\

1     The clerk is ordered to provide copies of this order to Plaintiff and all counsel.

2     Dated May 31, 2024.

 

                                          Marsha J. Pechman
                                          United States Senior District Judge