UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CARLOS WILLIAMS,<br><br>                    Plaintiff,<br><br>     v.<br><br>LORI LAWSON, et al.,<br><br>                    Defendants. | CASE NO. C21-5536 MJP<br><br>ORDER DENYING MOTION FOR DEPUTY CLERK TO ASSIGN PLACE AND TIME TO SUBPOENAS |

This matter comes before the Court on Plaintiff Carlos Williams' Motion for Deputy Clerk to Assign Place and Time to Subpoenas. (Dkt. No. 289.) Having reviewed the Motion and the subpoenas (Dkt. Nos. 284 & 304), and all supporting materials, the Court DENIES the Motion without Prejudice as the trial subpoenas are premature.

As the Court previously explained (see Dkt. No. 210), the Parties will need to work together to identify those individuals they wish to have appear at trial and to identify them when they file the Pretrial Order. The current deadline for filing the Pretrial Order is October 30, 2024. It is therefore premature to issue trial subpoenas given that the Parties must first determine all of

1  the witnesses they wish to call and to work together to set a reasonable schedule for witness

2  appearances. The Parties are encouraged to work together to agree on a reasonable list of

3  witnesses and to work on securing their attendance. For all witnesses who are to be subpoenaed

4  to testify at trial, both Williams and Defendants must comply with Federal Rule of Civil

5  Procedure 45 and apply to the Court for each subpoena. See Fed. R. Civ. P. 45. The party

6  seeking any testimony from an individual at trial will also have to serve a subpoena on that

7  individual, specifying the date(s) and courtroom location where they must appear. See Fed. R.

8  Civ. P. 45(b). The date(s) for appearances should be discussed as part of the Parties'

9  collaboration on the proposed Pretrial Order. The Court notes that defense counsel should accept

10 service of all subpoenas to the named defendants and any witness whose contact information is

11 identified in the initial disclosures as defense counsel's. Given that many of the witnesses

12 Williams identifies are named parties or appear to be represented by defense counsel, this should

13 greatly limit the number of subpoenas that need to be served. For those witnesses on whose

14 behalf defense counsel will not accept service, Williams will have to effectuate service and, if

15 applicable, tender fees for attendance and mileage. See Fed. R. Civ. P. 45(b)(1). The same rules

16 apply to Defendants. Williams may ask the Court for assistance, but he must identify a legal

17 basis for the Court to provide any such assistance. The Court notes that the present motion lacks

18 any such basis, and the Court is not presently aware of any basis on which it could assist with

19 service or payment of witness fees.

20     The clerk is ordered to provide copies of this order to Plaintiff and all counsel.

21     Dated July 3, 2024.

                                Marsha J. Pechman
                                United States Senior District Judge