UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CARLOS WILLIAMS, | CASE NO. C21-5536 MJP |
| Plaintiff, | ORDER ON MOTIONS FOR APPOINTMENT OF COUNSEL AND MOTION FOR EXTENSION OF TIME |
| v. | |
| LORI LAWSON, et al., | |
| Defendants. | |

This matter comes before the Court on Plaintiff's Motions for Appointment of Counsel (Dkt. Nos. 335, 337) and Motion For Extension of Time (Dkt. No. 338). Having reviewed the Motions, Defendants' Responses (Dkt. No. 339, 340, 341), and all supporting materials, the Court DENIES the Motions for Appointment and GRANTS in part the Motion for Extension.

**BACKGROUND**

Williams has twice been represented by counsel—once at the time of filing his complaint, and once after the Court appointed pro bono counsel. (See Dkt. Nos. 1, 54, 57.) Early in this case, the Court found appointment of counsel necessary and appropriate due to its concerns

1  about Williams' traumatic brain injury and complexity of the claims he pursued. (See Dkt. No.
2  54 at 4-5.) After approximately nine months during which pro bono counsel filed an amended
3  complaint, counsel sought leave to withdraw, citing an "an irreparable breakdown in
4  communication between counsel and Mr. Williams, as well as the relationship between counsel
5  and Mr. Williams." (Dkt. No. 79 at 2.) The Court granted counsel's request, and Williams then
6  proceeded pro se. (Dkt. No. 82.) Soon after, Williams sought appointment of new pro bono
7  counsel, which the Court denied. (See Order Denying Plaintiff's Motion to Appoint Counsel
8  (Dkt. No. 135).) The Court recognized that counsel would be useful in the presentation of
9  Williams' claims, but doubted whether it could locate counsel and that Williams could work
10 cooperatively with new counsel. (Id. at 3.) The Court also noted that Williams demonstrated an
11 ability to file motions and communicate with the Court. (Id.) But after identifying concerns about
12 Williams' access to certain discovery, the Court then reconsidered its denial and appointed new
13 pro bono counsel. (Dkt. No. 166.) Despite best efforts, no counsel could be identified to assist
14 Williams, and the Court terminated the appointment referral. (Dkt. No. 184.) Hoping to find
15 counsel to assist on a more limited basis, the Court then appointed pro bono counsel on a limited
16 basis, but it was again unable to find willing counsel. (Dkt. No. 205; Dkt. No. 213.)

17       Defendants have filed a Motion for Summary Judgment, which noted on September 4,
18 2024. (Dkt. No. 307.) Williams' response was due on August 28, 2024. See Local Civil Rule
19 7(d)(4). On August 23 and 29th, Williams filed two Motions for Appointment of Counsel. (Dkt.
20 Nos. 335, 337.) And on August 29, 2024, Williams filed a Motion to Extend the Deadline for his
21 response to the Motion for Summary Judgment. (Dkt. No. 338.) The Court reviews both
22 requests.

## ANALYSIS

**A.	Motion for Appointment of Counsel**

"[T]here is no absolute right to counsel in civil proceedings." Hedges v. Resolution Trust Corp., 32 F.3d 1360, 1363 (9th Cir. 1994) (citation omitted). And federal courts lack the authority "to make coercive appointments of counsel." Mallard v. United States District Court, 490 U.S. 296, 310 (1989). But districts courts have two sources of discretion to appoint counsel in a civil proceeding. First, if the district court finds "exceptional circumstances, it may request appointment of counsel for indigent civil litigants under 28 U.S.C. § 1915(e)(1). See Agyeman v. Corrections Corp. of Am., 390 F.3d 1101, 1103 (9th Cir. 2004). "A finding of the exceptional circumstances of the plaintiff seeking assistance requires at least an evaluation of the likelihood of the plaintiff's success on the merits and an evaluation of the plaintiff's ability to articulate his claims 'in light of the complexity of the legal issues involved.'" Id. (quoting Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986)); see also Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991). Second, district courts have inherent authority to appoint counsel in civil proceedings when necessary to aid the court in its judicial function. See Perez v. Barr, 957 F.3d 958, 965 (9th Cir. 2020) "It has long been recognized that courts have the inherent authority to appoint counsel when necessary to the exercise of their judicial function, even absent express statutory authorization." Id. "'Courts have (at least in the absence of legislation to the contrary) inherent power to provide themselves with appropriate instruments required for the performance of their duties [and t]his power includes authority to appoint persons unconnected with the court to aid judges in the performance of specific judicial duties, as they may arise in the progress of a cause.'" Id. (quoting Ex Parte Peterson, 253 U.S. 300, 312 (1920) (citation omitted)). "This inherent judicial authority has been codified in the All Writs Act, which provides that '[t]he

ORDER ON MOTIONS FOR APPOINTMENT OF COUNSEL AND MOTION FOR EXTENSION OF TIME - 3

Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law.'" Id. (quoting 28 U.S.C. § 1651(a)).

The Court continues to find that appointment of counsel is not appropriate on the record before it. The Court previously found it was necessary and appropriate to appoint counsel to assist in a meaningful review and presentation of Williams' claims. (Order Granting Motion for Appointment of Counsel at 3-4 (Dkt. No. 54).) But despite the appointment of highly qualified counsel, Williams was unable to work cooperatively to assist in the litigation and his actions rendered the representation "unreasonably difficult." (See Mot. to Withdraw at 2 (Dkt. No. 79).) While the Court continues to believe that counsel could provide useful assistance to Williams and the Court, it does not find that appointment of different counsel would be a proper use of the Court's authority to advance this litigation. As the record shows, even when the Court has sought pro bono counsel, it has been unable to locate willing counsel. The Court highly doubts whether any attorney could be identified, and without delaying the proceedings at this advanced stage of the litigation. The Court also has considerable doubt as to whether Williams could work cooperatively with additional counsel, even assuming an attorney was willing to provide pro bono representation. Additionally, the Court also notes that since withdrawal of his counsel, Williams has demonstrated an ability to file motions and communicate his concerns to the Court and otherwise litigate this matter. Based on this record, the Court DENIES the Motions for Appointment. Williams must continue to proceed pro se.

**B.     Motion for Extension**

Williams asks the Court to grant him additional time to respond to Defendants' Motion for Summary Judgment pending the Court's resolution of his request for appointment. Williams

failed to file this request by the time his response to the Motion for Summary Judgment was due. But the Court finds good cause to permit a brief extension of what will amount to two additional weeks for Williams to file a response. This will accommodate Williams' complaints about needing more time to accommodate his medical conditions and the medications he takes. And the Court sees no specific prejudice to Defendants, as the Court will also extend its reply commensurately.

The Court hereby GRANTS Williams' Motion, in part, (Dkt. No. 338) and EXTENDS Williams' response to the Motion for Summary Judgment to Monday, September 16, 2024. Defendants' Reply shall be due by September 25, 2024. No further extensions shall be given absent a strong record of good cause.

The clerk is ordered to provide copies of this order to Plaintiff and all counsel.

Dated September 10, 2024.

Marsha J. Pechman
United States Senior District Judge