UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CARLOS WILLIAMS,<br><br>                      Plaintiff,<br><br>    v.<br><br>LORI LAWSON, et al.,<br><br>                    Defendants. | CASE NO. C21-5536 MJP<br><br>ORDER DENYING MOTION FOR RECONSIDERATION |

This matter comes before the Court on Plaintiff Carlos Williams' Motion for Reconsideration of the Court's Summary Judgment Order. (Dkt. No. 360.) Having reviewed the Motion and all supporting materials, the Court DENIES the Motion.

Under Local Civil Rule 7(h), "[m]otions for reconsideration are disfavored." LCR 7(h)(1). As the Rule explains, "[t]he court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence." Id. The Court reviews the three grounds for reconsideration Williams identifies in his Motion.

First, Williams argues the Court committed manifest error as to his Eighth Amendment claim against the State of Washington by wrongly concluding that he "'has [not] identified any policy' . . . that might support his deliberate indifference claim" against the State. (Mot. at 2 (citation not included).) Williams points out that he cited DOC Policy 320.255 in his opposition, and he believes this Policy undermines the Court's conclusion. The Court disagrees. The Court made explicit reference to this same policy in its Summary Judgment Order, and it was well aware that it permits an inmate to be temporarily removed from the general population where there is a threat to the inmate's safety, among others. (See Summary Judgment Order at 7-8 (citing DOC Policy 320.255); see also Dkt. No. 360 at 9.) The problem with Williams' claim against the State remains the fact that "he does not identify any policy, custom, or practice that was followed to deny him any such segregation or protective custody." (Summary Judgment Order at 15.) Nothing in Williams' Motion for Reconsideration alters the Court's earlier conclusion. He has not identified any evidence that any of the individual defendants followed DOC Policy 320.255 in a manner that was deliberately indifferent in violation of the Eighth Amendment or that the Policy itself violates the Eighth Amendment. The Court DENIES reconsideration as to this claim.

Second, Williams argues that both Defendants Boe and Lawson were aware of his July 27, 2018 grievance, and that the Court therefore erred in granting them summary judgment. (Mot. at 2 and Ex. E (Grievance No. 18660886 (Dkt. No. 360 at 25)).) The Court finds no manifest error. In its Summary Judgment Order, the Court considered the grievance that Williams cites and includes with his Motion for Reconsideration. Although the document contains a hand-written note "Appeal to Assoc. or Supt.", there is no evidence that either Lawson or Boe received the grievance or had any knowledge of the risk of Williams being attacked. (See

1  Mot. Ex. E) The Court noted as much in its Summary Judgment Order and Williams has not

2  identified any new evidence that would alter that conclusion. (Summary Judgment Order at 15.)

3  The Court DENIES the Motion as to these claims.

4      Finally, Williams argues the Court committed manifest error by overlooking evidence

5  showing that the DOC and all of the individual defendants were aware of the substantial risk of

6  harm he faced in residing with the general population. (Mot. at 3 (relying on Mot. Exs. A-E).)

7  The documents Williams submits with his Motion do not support this conclusion. These

8  documents show only that Williams had a history of residing outside of the general population

9  and the reasons why it made sense, at least in 2009. (Mot. Exs. C-D (letters from 2009).) But the

10 Court and the Court's classification expert were aware of Williams' past classification outside of

11 the general population. (See Summary Judgment Order at 2-4; Expert Report of Wanda McRae

12 (Dkt. No. 306-1).) And the prior information from 2009 does not alter the fact that the decision

13 in 2018 to move Williams and reclassify him were reasonable and consistent with DOC policy.

14 (See McRae Report at 5, 7.) There remains no evidence before the Court that in late July 2018

15 any of the individual defendants knew that Williams faced a substantial risk of serious harm by

16 not being removed from the general population prior to the incident. (See, e.g., Summary

17 Judgment Order at 11-13.) The materials Williams cites to now do not show any error in the

18 Court's Order. The Court DENIES the Motion.

19     The Court has considered Williams' arguments and supporting materials, but it finds no

20 basis on which to grant reconsideration. The Court DENIES the Motion.

21     \\

22     \\

23     \\

24

ORDER DENYING MOTION FOR RECONSIDERATION - 3

1 | The clerk is ordered to provide copies of this order to Plaintiff and all counsel.

2 | Dated November 21, 2024.

Marsha J. Pechman
United States Senior District Judge